1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROGELIO MORA-FARIAS,** ) | **CV F 04-5944 AWI** |
| ) | **(CR F 01-5151 AWI)** |
| **Petitioner**, ) | |
| ) | **ORDER DENYING** |
| **v.** ) | **PETITONER'S MOTION TO** |
| ) | **CORRECT, VACATE OR SET** |
| **UNITED STATES OF AMERICA,** ) | **ASIDE HIS SENTENCE** |
| ) | **PURSUANT TO 28 U.S.C.,** |
| **Respondent.** ) | **SECTION 2255** |
| ) | |
| | **(28 U.S.C. § 2255)** |

## INTRODUCTION

In this case, petitioner Rogelio Mora-Farias ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 30 months that was imposed by this court on September 22, 2003, following petitioner's entry of a plea of guilty to one misdemeanor and one felony count of unlawful entry into the United States.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner was convicted by a plea of guilty on October 15, 2002, to one misdemeanor count of illegal entry and one felony count of illegal entry in violation of 8 U.S.C., section 1325(a)(1).  A Presentence Investigation Report ("PSR") was prepared by the Probation

---

[1]    References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

Department.  The PSR calculated an adjusted offense level of 24, which was reduced three points for acceptance of responsibility.  The PSR calculated a criminal history category of IV.  Because the guideline range exceeds the statutory maximum, the statutory maximum of 30 months was recommended by the PSR and imposed by the court.  The PSR indicates Petitioner did not waive his right to appeal his sentence.

Judgment was entered on October 15, 2002.  The instant motion to correct, set aside, or vacate the judgment pursuant to 28 U.S.C., section 2255 was filed on July 7, 2004.

## LEGAL STANDARD

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' "  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255) (emphasis in the original).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal."  United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

Section 2255 provides that the one-year statute of limitations for the section begins to run at the latest of: (1) the date of the judgment of conviction becomes final; (2) the date on which a

government-created impediment to bringing a section 2255 action is removed; (3) the date on which a right to bring the action was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255 (1)-(4).

In order to determine if the petition is timely, the court must first determine which of the possible starting times for the running of the statute of limitations applies.  In this case, Petitioner alleges no government-created impediment to bringing a section 2255, therefore no discussion is necessary as to the second of the possible starting points.  Likewise, there is no invocation of, or reliance on, a new right initially recognized by the Supreme Court.  Therefore the third of the above-listed starting points does not apply.  Finally, there is no claim of facts supporting the petition that could not have been discovered through due diligence, therefore the fourth of the possible starting events does not apply.

The court concludes the one-year statue of limitations on Petitioner's right to seek habeas relief began to run as of the first of the possible starting dates listed above; that is, the date Petitioner's judgment became final.  In this case no appeal from the judgment was taken.  The judgment therefore became final the day following the last day on which notice of appeal could have been filed.  In a criminal case, a notice of appeal must be filed within 10 days of the court's entry of judgment. Fed. R. App. Proc. 4(b)(1)(A).  Therefore Petitioner's judgment became final at the latest on October 26, 2002, and the one-year statute of limitations imposed by section 2255 began to run on that date.  The statute of limitations on Petitioner's right to seek habeas relief expired one year later, on October 27, 2003.  Petitioner's motion pursuant to section 2255 was not filed until July 7, 2004; more than eight months after the statute of limitations had run.

Because the statue of limitations imposed by 28 U.S.C., section 2255 had run prior to the filing of Petitioner's motion, and because the facts presented suggest no other possible starting point or reason to toll the running of the statute of limitations, Petitioner's motion pursuant to

section 2255 will be denied.

THEREFORE, in consideration of the foregoing discussion Petitioner's motion to amend, vacate, or set aside his sentence pursuant to 28 U.S.C., section 2255 is hereby DENIED.  The Clerk of the Court shall CLOSE the case.

IT IS SO ORDERED.

**Dated:   June 27, 2007**                                   _____/s/ Anthony W. Ishii_____
                                                                            UNITED STATES DISTRICT JUDGE

4